IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

QYNNISHA BRYANT                                    *
                                                  *
On Behalf of Herself and All Others               *Case No.: 3:20-CV-00061-CDL
Similarly Situated                                *
                                                  *
                                                  *
                                                  *
                                                  *
             Plaintiff,                           *
                                                  *
                                                  *
          v.                                      *
                                                  *
TOPPERS INTERNATIONAL, INC.,                      *
a Domestic For Profit Corporation,                *
DARNELL LEWIS GARDNER,                            *
Individually, and                                 *
SANDRA GARDNER, Individually.                     *

BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO
STAY ACTION

## Introduction

9 U.S.C. §4 of the Federal Arbitration Act (FAA) provides that district courts

may compel a party to arbitrate claims covered by a written agreement for

arbitration and 9 U.S.C. §3 provides for a stay of litigation pending arbitration.

Defendants contend that plaintiff entered into such a written agreement with

Defendant Toppers International, Inc. to arbitrate claims such as the F.L.S.A. claim

for unpaid minimum wage compensation that she asserts herein and to do so individually rather than in any collective action (*Document 13-2*). Defendants insist upon their rights to resolve plaintiff's claims under the arbitration agreement and do not waive such rights.

### Employment matters may be arbitrated.

The Eleventh Circuit Court of Appeals has long held that employment disputes may be the subject of arbitration.

"The FAA generally provides for the enforceability of 'a contract evidencing a transaction involving commerce.' 9 U.S.C. § 2. The United States Supreme Court has clarified that the FAA generally applies to contracts of employment except those involving 'transportation workers.' *Circuit City v. Adams*, 532 U.S. 105, 119, 121 S. Ct. 1302, 1311, 149 L. Ed. 2d 234 (2001); *Hill*, 398 F.3d at 1289. Further, 'courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA.' *Weeks*, 291 F.3d at 1313; *see Circuit City*, 532 U.S. at 123, 121 S. Ct. at 1313; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26 (1991); *Mitsubishi Motors*, 473 U.S. at 628, 105 S. Ct. at 3354; *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 700 (11th Cir. 1992). Indeed, compulsory arbitration agreements are now common in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes, including employment-discrimination statutes. *See Weeks*, 291 F.3d at 1313-14.

Furthermore, under the FAA, arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract.' 9 U.S.C. § 2. The FAA preempts state law to the extent it treats arbitration agreements differently than other contracts. *Circuit City*, 532 U.S. at 112, 121 S. Ct. at 1307 (stating that the FAA is 'pre-emptive of state laws hostile to arbitration'). The purpose of the FAA is to give arbitration agreements the same force and effect as other contracts. However, state law generally governs whether an enforceable contract or agreement to arbitrate exists. *See Perry v. Thomas*, 482 U.S. 483, 492 n.9, 107 S. Ct. 2520, 2527 n.9, 96 L. Ed. 2d 426 (1987) ('State law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally'.) Thus, in determining whether a binding agreement arose between the parties, courts apply the contract law of the particular state that governs the formation of contracts. The 'federal policy favoring arbitration, however, is taken into consideration even in applying ordinary state law'. *Cooper v. MRM Inv. Co.,* 367 F.3d 493, 498 (6thCir. 2004) (quotation marks and citation omitted)." *Caley v. Gulfstream Aero. Corp., 428 F.3d 1359 (11TH Cir. 2005)*.

**Written agreement to arbitrate covers plaintiff's claims.**

"In determining whether to compel arbitration under the FAA, courts generally look at two threshold issues: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-84 (2002).* Any

doubt related to arbitrability 'should be resolved in favor of arbitration.'. *"Moses H. Cone, 460 U.S. at 24-25."* Webb v. Doordash, Inc. 2020 U.S. Dist.LEXIS 109984 (N.D. Georgia 2020).

The written arbitration agreement that Defendants seek to enforce provides that "covered claims" shall be submitted and determined exclusively by binding arbitration under the FAA. "Covered claims" include claims arising under the F.L.S.A. *(Document 13-2).* Plaintiff's claims in this action are for alleged unpaid minimum wage compensation and thus arise under the F.L.S.A. *(Document 1).*

## Arbitration agreements may require individualized actions.

The Supreme Court has long held arbitration agreements requiring individualized actions are enforceable under the Federal Arbitration Act. *Epic Sys. Corp. v. Lewis, 584 U.S. _____ , 138 S. Ct. 1612, 200 L. Ed. 2d 889 (2018).*

The arbitration agreement at issue herein prohibits the arbitrator from hearing the matter as a collective action and further provides that plaintiff shall not be allowed to submit the matter as a participant or representative in a collective action. *(Document 13-2).*

## Plaintiff expected to oppose arbitration and discovery will be necessary.

It is not yet clear whether Plaintiff will admit or deny entering into the written arbitration agreement but Defendants anticipate that plaintiff will dispute its validity and oppose the motion to arbitrate on the basis that it is unenforceable. "The Eleventh Circuit has held 'arbitration agreements precluding class action relief are valid and enforceable'. Jenkins, 400 F.3d at 877-78 (citing <u>Randolph v.</u>

Green Tree Fin. Corp.-Ala., 244 F.3d 814, 819 (11th Cir. 2001)). However, 'the enforceability of a particular class action waiver in an arbitration agreement must be determined on a case-by-case basis, considering the totality of the facts and circumstances'. Dale v. Comcast Corp., 498 F.3d 1216, 1224 (11th Cir. 2007)." *Webb v. Doordash, Inc. 2020 U.S. Dist.LEXIS 109984 (N.D. Georgia 2020).* Discovery regarding the particular agreement to arbitrate and the circumstances of its execution will be necessary, as anticipated by the Court in directing the parties to submit a joint proposed scheduling order.

## Conclusion

Defendants respectfully submit that, upon a trial of the issue of arbitration, the Court should determine that Plaintiff's claims should be arbitrated and stay further proceedings herein.

**Respectfully submitted, this 1st day of September, 2020**


P. O. Box 893
Athens, GA 30603
706-353-7736
john@mcarthurlaw.net

By:
JOHN JAY MCARTHUR
Georgia Bar No. 480725
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **QYNNISHA BRYANT** | * |
| | * |
| **On Behalf of Herself and All Others Similarly Situated** | *Case No.: 3:20-CV-00061-CDL |
| | * |
| | * |
| **Plaintiff,** | * |
| | * |
| | * |
| v. | * |
| | * |
| **TOPPERS INTERNATIONAL, INC., a** | * |
| **Domestic For Profit Corporation,** | * |
| **DARNELL LEWIS GARDNER,** | * |
| **Individually, and** | * |
| **SANDRA GARDNER, Individually.** | |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing Defendants Brief In Support Of Motion To Compel Arbitration And To Stay Action by filing with the CM/ECF system and by mailing copies to her attorneys, *viz.:* Thomas J. Mew IV, Buckley Beal, LLP,600 Peachtree Street, NE, Suite 3900, Atlanta, Georgia 30308 and Gregg C. Greenberg, Zipin, Amster & Greenberg, LLC, 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910, all in the manner provided by law.

This 1st day of September, 2020.

JOHN JAY MCARTHUR