# ZIPIN, AMSTER & GREENBERG, LLC
## ATTORNEYS AT LAW

PHILIP B. ZIPIN *
MICHAEL KINGSTON AMSTER *
GREGG C. GREENBERG *†
MARIUSZ KURZYNA * • ¥
ROY LYFORD-PIKE
GIOVANNA MILLER
MATEO FORERO ∆
ANTHONY G. BIZIEN, OF COUNSEL
REBECCA N. STRANDBERG, OF COUNSEL *

8757 GEORGIA AVENUE, SUITE 400
SILVER SPRING, MD 20910
WWW.ZAGFIRM.COM

TELEPHONE (301) 587-9373
FACSIMILE (240) 839-9142

* ALSO LICENSED IN WASHINGTON D.C.
† ALSO LICENSED IN VIRGINIA
• ALSO LICENSED IN NEW YORK
¥ ALSO LICENSED IN CONNECTICUT
∆ LICENSED IN ALABAMA ONLY

FOR SETTLEMENT PURPOSES ONLY

April 17, 2020

**BY EMAIL ONLY**
John Jay McArthur, Esq.
McArthur & McArthur, P.A.
Email: John@Mcarthurlaw.net

     Re:    *Claim for Unpaid Wages by Misclassified Exotic Dancer*

Dear Mr. McArthur:

     I am writing each of you directly because I observe from a PACER Docket Search that your office recently represented Toppers International, Inc., Darnell Lewis Gardner, and Sandra Gardner (collectively, "Toppers International") in a similar exotic dancer misclassification matter in the United States District Court for the Middle District of Georgia. If your office longer represents Toppers International or its ownership, please advise promptly and I will forward this and future correspondence to the appropriate agent or attorney for Toppers International.

     This letter will advise Toppers International and its ownership that my law firm represents Qynnisha Bryant, an exotic dancer at the Toppers International Showbar and Gentlemen's Club. The purpose of my representation is to prosecute Ms. Bryant's claim under the Federal Fair Labor Standards Act ("FLSA"). Specifically, Ms. Bryant seeks recovery of unpaid wages, statutory liquidated damages, and attorney's fees and costs against the club and its ownership, individually.

     **As Toppers International is now on notice of Ms. Bryant's claim for unpaid wages and damages and of her intent to prosecute the same, Toppers International is instructed to preserve all records relating to Ms. Bryant's dancer / employment with the club including, but not limited to, sign in records, dance records, compensation records, sales and/or POS records; and electronic, text, or telephonic correspondence and/or records between the club and Ms. Bryant and/or the club's agents/managers and any third party regarding or otherwise referring to Ms. Bryant.**

John Jay McArthur, Esq.
*Re: Wage Claim against Toppers International*
April 17, 2020
Page 2 of 3

      As to her claim, Ms. Bryant was employed as an exotic dancer at Toppers International during the period of about May 2018 through about February 2020. Throughout her employment, Toppers International misclassified Ms. Bryant as an independent contractor and paid her no wages for work duties performed. Rather, for each shift Ms. Bryant worked, Toppers International required Ms. Bryant to pay Toppers International a per shift fee, plus payment of a split of her tips with the club and payment of mandatory tip outs and money from every dance.

      Because of the foregoing, Toppers International, and its ownership, individually, now owe Ms. Bryant her "free and clear" minimum wage compensation for Ms. Bryant's entire employment relationship with the club.

      Free and clear requires (1) repayment of any amount paid by Ms. Bryant to the club by way of kickback, fee, fine, or charge; (2) repayment of tips unlawfully taken or assigned from Ms. Bryant by Toppers International; plus (3) payment of the full applicable Federal Minimum wage for each hour worked.

      Please be further advised that Ms. Bryant's claim is not simply limited to a recovery of unpaid wages. Under the FLSA, Ms. Bryant is owed and entitled to statutory liquidated damages in an equal amount to her "free and clear" unpaid minimum wage balance, plus payment of her attorney's fees and costs.

      It is predictable Toppers International will claim Ms. Bryant is not owed wages or damages because she was classified or otherwise agreed to an independent contractor arrangement. **<u>This position is wrong.</u>** See e.g., *Burrell v. Toppers Int'l, Inc.*, 2017 U.S. Dist. LEXIS 58546 (M.D. Ga. 2017); *Verma v. 3001 Castor, Inc.*, 937 F.3d 221 (3rd Cir. 2019); *McFeeley v. Jackson Street Entm't, LLC*, 825 F.3d 235 (4th Cir. 2016); *Reich v. Circle C. Invest., Inc.*, 998 F.2d 324 (5th Cir. 1993).

      So that I may calculate a fair and reasonable settlement proposal for Ms. Bryant, it is my request that on or before the close of business on Friday, May 8, 2020, Toppers International produce to me:

1. All records relating to or documenting Ms. Bryant's dancer relationship with Toppers International;

2. All time and/or dance and/or attendance records for Ms. Bryant at Toppers International; and

3. All records of all payments by Ms. Bryant to Toppers International for any purpose.

John Jay McArthur, Esq.
*Re: Wage Claim against Toppers International*
April 17, 2020
Page 3 of 3

  Finally, please instruct Toppers International, its ownership, and its agents not to directly or indirectly attempt to contact Ms. Bryant about her above referenced claims or the settlement of her claims as discussed herein. All communications must go directly through my office.

  Should I learn that any agent on Toppers International's behalf is attempting to contact Ms. Bryant about this matter, attempting to discuss this matter with Ms. Bryant, or trying to retaliate or intimidate her for seeking recovery of damages arising out of violations of the FLSA, I will immediately cease settlement discussions, file suit, and seek immediate injunctive relief, with the assistance of local counsel licensed to practice in the Middle District of Georgia.

  If I do not hear from you or another attorney representing Toppers International on or before Friday, May 8, 2020, I will assume Toppers International has no interest in a pre-litigation resolution and I will proceed forward to prosecute Ms. Bryant's claims (and the claims of other similarly situated individuals) in the United States District Court with the assistance of local counsel licensed to practice in the Middle District of Georgia.

        Very truly yours,

        /s/ Gregg C. Greenberg

        Gregg C. Greenberg