IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

QYNNISHA BRYANT, *on behalf of*          *
*herself and all others*
*similarly situated*,                    *

    Plaintiff,                       *

vs.                                      *
                                  CASE NO. 3:20-CV-61 (CDL)

TOPPERS INTERNATIONAL, INC.,             *
DARNELL LEWIS GARDNER, and
SANDRA GARDNER,                          *

    Defendants.                      *

_____

O R D E R

    Toppers, International, Inc. is an adult night club. Qynissha Bryant was an entertainer at the club, and she contends that Toppers improperly classified her as an independent contractor and did not pay her minimum wage as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Bryant also alleges that Toppers treated other entertainers the same way, and she filed a motion for conditional certification of her putative FLSA collective action pursuant to 29 U.S.C. § 216(b). Defendants oppose the motion, arguing that Bryant agreed to submit any FLSA claims against them to arbitration. Defendants then filed a motion to compel arbitration. Bryant responded that Defendants waived their right to insist on arbitration. As discussed below, the Court finds that Bryant agreed to arbitrate

the FLSA claim at issue in this action and that Defendants did not waive their right to arbitration.  Defendants' motion to compel arbitration (ECF No. 17) is therefore granted.

DISCUSSION

It is undisputed that Bryant entered an arbitration agreement with Toppers.  That agreement states that "[a]ny 'covered claim'" Bryant "may have presently or hereafter acquire against" Toppers, "its owners, directors, officers or its agents . . . shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act."  Gardner Aff. Ex. 1, Arbitration Agreement ¶ 1, ECF No. 13-2.  "Covered Claims" include claims arising under the FLSA. *Id* ¶ 2.  Bryant does not contend that the agreement is invalid or unenforceable, and she does not dispute that her FLSA claim against Defendants is a "covered claim."  Her sole argument in opposition to Defendants' motion to compel arbitration is that Defendants waived their right to insist upon arbitration.

Although a strong federal policy exists favoring arbitration, arbitration "should not be compelled when the party who seeks to compel arbitration has waived that right." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1365 (11th Cir. 1995)).  A party waives its right to compel arbitration "when

both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *Id.* (quoting *Morewitz*, 62 F.3d at 1366). By recognizing that the right to arbitration may be waived, the law intends "to prevent litigants from abusing the judicial process;" but in light of the strong federal policy favoring arbitration, the party arguing for waiver "bears a heavy burden of proof". *Gutierrez v. Wells Fargo Bank, NA,* 889 F.3d 1230, 1236 (11th Cir. 2018). Generally, waiver has been found if a defendant "elects to forego arbitration when it believes that the outcome in litigation will be favorable to it, proceeds with extensive discovery and court proceedings, and then suddenly changes course and pursues arbitration when its prospects of victory in litigation dim." *Id.* "[T]he key ingredient in the waiver analysis is fair notice to the opposing party and the District Court of a party's arbitration rights and its intent to exercise them." *Id.* A defendant cannot "substantially invoke[] the litigation machinery" and then later demand arbitration. *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277–78 (11th Cir. 2012) (quoting *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)).

In *Garcia*, for example, the defendant acted inconsistently with the right to arbitrate when it participated in discovery

for more than a year, conducting at least fifteen depositions
and producing almost a million pages of documents; the
plaintiffs were prejudiced because they "expended substantial
sums of money in conducting this litigation." *Id.* Similarly,
in *Davis v. White*, 795 F. App'x 764 (11th Cir. 2020) (per
curiam), a panel of the Eleventh Circuit found waiver where the
defendant did not file a motion to compel arbitration until
eighteen months after the plaintiffs filed their complaints—
after the defendant filed a motion to dismiss on the merits
(which was later denied), agreed to a scheduling order, opposed
the plaintiffs' motion for leave to amend their complaint,
attempted to appeal a non-appealable order of the district
court, and participated in discovery. *Id.* at 768.

While waiver of arbitration is clearly recognized, the
circumstances must demonstrate an intention to do so and
prejudice if waiver is not found. In *Gutierrez*, for example,
the Eleventh Circuit concluded that the district court erred in
finding that the defendant had waived its right to demand
arbitration as to unnamed putative class members. *Gutierrez*,
889 F.3d at 1237. Although the defendant stated that it did not
plan to seek arbitration as to the named plaintiffs—thus waiving
its right to insist on arbitration as to those plaintiffs—the
defendant expressly reserved its right to enforce arbitration
for the unnamed putative plaintiffs and cited the parties'

arbitration agreements as an affirmative defense in its answer. *Id.* Thus, both the district court and plaintiffs were on notice of the defendants' intent to invoke its arbitration rights against the unnamed putative plaintiffs. *Id.* Similarly, in *Grigsby & Associates, Inc. v. M Securities Investment*, 635 F. App'x 728 (11th Cir. 2015), a panel of the Eleventh Circuit concluded that the district court did not err in finding that the plaintiff did not waive its right to arbitrate even though it filed four lawsuits against the defendant before initiating arbitration. Because each prior lawsuit was either never served or was "dismissed with little effort required" and minimal time and resources spent in defending them, the panel found no prejudice. *Id.* at 733.

Here, Bryant filed this action on June 3, 2020 and served Defendants the next day.[1] Defendants timely answered, asserting among other defenses that Bryant agreed to submit FLSA claims against them to binding arbitration. Answer 4, ECF No. 9. Thus, Defendants placed Bryant on notice of their intent to invoke arbitration at the outset of this litigation, though they did not file a motion to compel arbitration at that time.[2]

---

[1] No other individuals have filed a consent to join this action.
[2] Bryant appears to assert that Defendants waived arbitration in part because they did not respond to a pre-litigation letter seeking records regarding Bryant's relationship with Toppers. Bryant did not point to any authority suggesting that a defendant waives its right to insist on arbitration when it ignores a pre-litigation request for documents.

Before the parties held a Rule 26(f) conference and before the Court entered a scheduling order, Bryant filed her motion for conditional certification.   Defendants opposed the motion to certify based on Bryant's arbitration agreement, but they did not file a motion to compel arbitration at that time. Defendants' counsel participated in a scheduling conference with Bryant's counsel and agreed to a proposed scheduling order, although Defendants also argued in that proposed scheduling order that Bryant and other putative plaintiffs are bound by arbitration agreements, and they expressed an intention to file a motion to compel arbitration.   At that point, before any significant discovery occurred, the Court entered an order stating that if Defendants intended to insist upon their arbitration right, they should file a motion to compel arbitration or the Court would consider arbitration to have been waived.[3]  Defendants then filed a motion to compel arbitration.

Under these circumstances, the Court finds that Defendants did not waive their right to insist on arbitration.   They did

---

[3] The Court stated if Defendants filed a motion to compel arbitration, the Court would stay the motion for conditional certification until the motion to compel arbitration was decided.   Order (Aug. 25, 2020), ECF No. 16.   The Court ordered the parties to submit a joint proposed scheduling order for any discovery related to arbitration.   *Id.* Though Bryant submitted a "Discovery Status Report," the parties did not submit a joint proposed scheduling order regarding discovery the parties deemed necessary for adjudication of the motion to compel arbitration.   The Court did not catch this oversight.   But, given that Bryant does not dispute that she signed an arbitration agreement and does not challenge its enforceability, it appears clear that discovery was unnecessary to decide the waiver issue.

not substantially participate in litigation to a point
inconsistent with an intent to arbitrate. There was no
dispositive motion and little if any discovery before Defendants
filed their motion to compel arbitration. Several times,
Defendants gave Bryant notice of their intent to demand
arbitration. Defendants' conduct simply does not support the
suggestion that they substantially invoked the litigation
machinery and then later switched course to demand arbitration.
They in fact did just the opposite, raising arbitration early
and consistently and moving to compel it in the earliest stages
of the litigation. The Court is also not convinced that Bryant
was prejudiced by Defendants' delay in filing their motion to
compel arbitration, even if she incurred some fees when her
counsel participated in the scheduling conference.[4]

## CONCLUSION

Defendants did not waive the right to arbitration. It is
undisputed that Bryant signed an arbitration agreement that
requires her to arbitrate her FLSA claims against Defendants.
Accordingly, Defendants' motion to compel arbitration (ECF No.
17) is granted, and this action is dismissed without prejudice.

---

[4] Bryant contends that she suffered prejudice because she filed a
motion for conditional certification—after she received Defendants'
answer that raised arbitration as a defense and before any Rule 26(f)
conference. The Court is not convinced that any prejudice associated
with the motion for conditional certification is sufficient to warrant
the waiver of the well-established and favored right to arbitration.

Bryant's motion for conditional certification (ECF No. 12) is moot.

    IT IS SO ORDERED, this 28th day of January, 2021.

S/Clay D. Land
<hr>
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
